UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL DOYLE, | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )   No. 2:17-cv-00013-NT |
| | ) |
| JUDGE [sic] THOMAS WARREN and | ) |
| STATE OF MAINE, | ) |
| | ) |
|     *Defendants* | ) |

### ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE

The plaintiff has filed suit under 28 U.S.C. § 1983 claiming that certain constitutional deprivations were committed against him by a justice of the Maine Superior Court and that the State of Maine also is responsible for those alleged harms.[1] He seeks permission to proceed without paying fees or costs. I deny the plaintiff's request for leave to proceed *in forma pauperis* and recommend that the court dismiss the action with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that his gross pay or wages are "Not Known," but that his take home pay or wages are less than $3,000.00 per year.

---

[1] In slightly more than three years, stretching from June 2014 to the present, Mr. Doyle has filed four other cases in this district against government entities in this state, *Doyle, et al. v. Falmouth Police Department, et al.*, No. 2:14-cv-00259-JDL; *Doyle v. State of Maine, et al.*, No. 2:15-cv-00078-JAW; *Doyle v. Town of Scarborough, et al.*, No. 2:15-cv-00227-JAW; and *Doyle v. Falmouth Town Council, et al.*, No. 2:16-cv-00215-JDL. All were dismissed on the pleadings.

ECF No. 4 ¶ 2. The plaintiff lists Social Security payments of $1,113.00 per month, and approximately $2,350.00 in net income for 2015 from Uber. *Id*. ¶ 3.

He lists $57.00 in a checking account and a Honda vehicle with a "negative value" of $22,000.00. *Id*. ¶¶ 4-5. These assets are balanced against recurring monthly expenses of approximately $1,277.00 for rent and utilities. *Id*. ¶ 6. The plaintiff states that he has no dependents, but that he has financial obligations in excess of $20,000.00. *Id*. ¶¶ 7-8. These include state tax arrears of approximately $1,000.00 that he lists as "in dispute," a medical bill of approximately $800.00, and the $18,800.00 civil judgment against him that he notes is "the subject of this suit." *Id*. ¶ 8.

A typical analysis under 28 U.S.C. § 1915, based on the foregoing figures submitted by the plaintiff, would yield approval to proceed *in forma pauperis*. The plaintiff's application here lists the same Social Security payments of $1,113.00 per month, and the same "net income" of approximately $2,350.00 in 2015 from Uber, as his application in an earlier case. ECF No. 4, *Doyle v. Town of Scarborough, et al.* ("*Scarborough*"), No. 2:15-cv-00227-JAW (D. Me.).

However, in that earlier case, the court vacated its grant of *in forma pauperis* status after the Town of Scarborough asserted that information had come to light in a separate state court proceeding indicating that the plaintiff had failed to disclose facts concerning his work as an Uber driver. *Scarborough*, 2017 WL 118019, at *1, *4 (D. Me. Jan. 12, 2017) (rec. dec., *aff'd* Feb. 7, 2017). The town noted that the Maine Superior Court had determined that the plaintiff had "failed to disclose relevant information on his application to that Court for leave to proceed in forma pauperis." *Id*. at *1.

In view of that new information, the court in *Scarborough* ordered the plaintiff to file a second application with an updated affidavit of income and other financial documentation he

deemed relevant. *Id*. Those documents revealed that the plaintiff's gross income from Uber was $55,634.83 in 2015. *Id*. at *2 & n.1. On January 12, 2017, just two days after the plaintiff filed his complaint and IFP application in the instant case, Magistrate Judge Nivison recommended that the court vacate its prior grant of *in forma pauperis* status, dismiss the plaintiff's complaint without prejudice, and order the plaintiff, if he refiled his claim, to show cause why he should not be required to pay the filing fee in *Scarborough* as a condition to his ability to proceed in the new action. *Id*. at *4. Judge Woodcock adopted that recommended decision on February 7, 2017. ECF No. 65, *Scarborough*.

In this case, as in *Scarborough*, the plaintiff "materially understated the income earned and available to him." *Scarborough*, 2017 WL 118019, at *2. That discrepancy prevents this court from finding that there is reliable information on which to make a finding of poverty on behalf of the plaintiff. Accordingly, the plaintiff's leave to proceed *in formal pauperis* is denied.

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D.*

*Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[2]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

---

[2] Section 1915(d) was subsequently renumbered to section 1915(e).

### B. Factual Background

So read, the plaintiff's complaint alleges that Maine Superior Court Justice Thomas Warren violated several of the plaintiff's rights under the Fifth and Fourteenth amendments to the U.S. Constitution while presiding over the plaintiff's state court cases. Complaint & Demand for Jury Trial ("Complaint") (ECF No. 1) ¶¶ 4, 10-11. The plaintiff's claim extends to the State of Maine as Justice Warren's employer. *Id*. ¶ 12. He seeks money damages and attorney fees. *Id*. ¶¶ 10-12. Specifically, the plaintiff alleges that, while presiding over one of the plaintiff's state court cases, Justice Warren "allowed testimony to facts not in evidence and ruled upon damages amounts that were totally unsupported by the . . . testimony." *Id*. ¶ 10. The plaintiff also alleges that Justice Warren "aided the opposition by ignoring attempted suborning of perjury at a side bar during a jury trial that should have required a directed verdict for this Plaintiff." *Id*. ¶ 6.

### C. Discussion

#### 1. Justice Warren

As the plaintiff's allegations against Justice Warren are limited to the exercise of his judicial function, he is protected from suit by the doctrine of judicial immunity. That doctrine "holds that judges performing judicial acts within their jurisdictions are entitled to absolute immunity from civil liability." *Marcello v. Maine*, 464 F.Supp.2d 38, 42 (D. Me. 2006). *See also, e.g., Brown v. Ives*, 129 F.3d 209, 212 (1st Cir. 1997) ("Maine's judges are absolutely immune from damage claims based on their judicial decisions.").

The Supreme Court has noted that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction," *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967), explaining:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is

not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial.

Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) (citations omitted).

The plaintiff's allegations against Justice Warren challenge decisions taken in his judicial capacity that are core judicial functions. His complaint against Justice Warren, hence, "fails to state a claim on which relief may be granted" and "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### 2. State of Maine

The State of Maine, likewise, is immune from the plaintiff's suit pursuant to the doctrine of sovereign immunity. As the Supreme Court has explained:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (citations omitted).

"[T]he state of Maine has not waived its immunity with respect to Section 1983 actions, and . . . Congress has not overridden that immunity[.]" *Marcello*, 464 F. Supp.2d at 44. Accordingly, the plaintiff's complaint against the State of Maine, as well, "fails to state a claim on which relief may be granted" and "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### III. Conclusion

For the foregoing reasons, I **DENY** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because it seeks monetary relief from defendants who are immune from such relief and fails to state a claim as to which relief can be granted.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 11th day of August, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge